IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERESA GARVEY, as natural mother and next friend for minor JOHN DOE, on behalf of himself and all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>UNIFIED SCHOOL DISTRICT 262 and WAYNE MORROW individually and in his official capacity,<br><br>                Defendants. | **CIVIL ACTION**<br><br>No.  05-1149-MLB |

**MEMORANDUM AND ORDER**

This case comes before the court on defendants' motion to dismiss plaintiff's complaint for failure to state a claim. (Doc. 14). The motion has been briefed and is ripe for decision. (Docs. 15, 17, 18). For the following reasons, defendants' motion is granted in part and denied in part.

**I.   FACTS[1]**

---

[1] In compliance with its obligations regarding consideration of factual allegations, the court's recitation of facts is necessarily limited. The court has not considered additional facts put forth by defendants such as that plaintiff Doe was selected by defendant Morrow to participate on the boys' basketball team during the 2002-03 season. The court also notes the absence of allegations regarding the actual nature of plaintiff Doe's "minority" status, as well as how plaintiff Doe scored on the objective parts of the try-out test when he was allegedly cut from the team. Finally, the court notes plaintiff's allegations that there are "hundreds" of purported class members who, since 1999, have been, or may be, excluded from athletic competition because of their minority status. Accepting as true plaintiff's allegations that the enrollment at Valley Center High School consistently runs about 750 students per year and that the number of minority students has never been higher than 8%, plaintiff's allegation of "hundreds" of class members seems optimistic, at best. Notably absent from plaintiff's allegations is the number of minority

Plaintiff Doe is a student at Valley Center High School, the only high school in Unified School District 262 (district). Plaintiff Doe attended basketball tryouts in hopes of playing basketball for the high school. Defendants utilize a written policy in order to determine which players will be cut from the team. During a minimum of three practices, defendant Morrow evaluated the players based on objective criteria, i.e. shooting and dribbling, and certain intangibles, i.e. heart and character. Plaintiff asserts that this policy, as written and applied, discriminates against minorities. Plaintiff Does' parents have voiced concerns to the school about the low number of minority students selected for the team, but the school has not addressed their concerns to their satisfaction.

Plaintiff, on his behalf and on the behalf of those similarly situated, has brought an action against the district and coach Morrow alleging violations of Title VI and 42 U.S.C. § 1983. Defendants move to dismiss the complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6).

**II. Motion to Dismiss Standards: FRCP 12(b)(6)**

The standards this court must utilize upon a motion to dismiss are well known. This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive. See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124,

---

students who have tried out for the boys' basketball team or have even wanted to try out. These, and many other questions, will have to be considered at a later time when the standards of review are not nearly so liberal.

1129 (D. Kan. 2000). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. See Robinson, 117 F. Supp.2d at 1129.

**III. ANALYSIS**

    **A.   42 U.S.C. § 1983 (USD 262)**

        **1.   Disparate Treatment**

Plaintiff has alleged that the district has violated his civil rights by "failing to adequately train staff" and "showing a deliberate indifference to the violation of plaintiff's constitutional rights." (Doc.7 ¶ 40). In order to establish that the district would be liable for a violation of plaintiff's civil rights, plaintiff must allege that the implementation or execution of "a policy, statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers" caused his injury. Olsen v. Layton Hills Mall, 312 F.3d 1304, 1318 (10th Cir. 2002)(citing Monell v. Dep't of Social Servs., 436 U.S. 658, 690, 98 S. Ct. 2018, 56 L. Ed.2d 611 (1978)). Plaintiff has adequately alleged that his rights were

-3-

violated pursuant to the district's policy of selecting players for the basketball team. Moreover, plaintiff has alleged that the district was notified of the unequal treatment to minorities pursuant to this policy.

Plaintiff has adequately stated a claim for failure to train. A cause of action under section 1983 for failure to train may be pursued when the failure to train amounts to a deliberate indifference to the rights of persons with whom the government employee comes into contact. Id. The standard is satisfied "when the municipality has actual or constructive notice that its action or failure is substantially certain to result in a constitutional violation, and it consciously and deliberately chooses to disregard the risk of harm." Id. As previously stated, plaintiff has alleged that the district received notice of potential civil rights violations.

Defendants' motion to dismiss plaintiff's disparate treatment claims under section 1983 is denied.

### 2. Disparate Impact

Plaintiff also asserts that the district violated his civil rights by "turning a blind eye to discriminatory impact that the neutral policies had upon the plaintiff and Class." (Doc.7 ¶ 40). "[E]ven if a neutral law has a disproportionately adverse effect upon a racial minority, it is unconstitutional under the Equal Protection Clause only if that impact can be traced to a discriminatory purpose." Personnel Adm'r of Mass. v. Feeney, 442 U.S. 256, 272, 99 S. Ct. 2282, 2293 (1979). The term discriminatory purpose "implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its

-4-

adverse effects upon an identifiable group." Id. at 279.

Defendant asserts that plaintiff's claim must fail as a matter of law since plaintiff has not alleged that the district selected or reaffirmed the policy because of its adverse effects. (Doc. 15 at 11). The court's job at this juncture is to view the complaint in the light most favorable to plaintiff. While the court has doubts that plaintiff's claims can survive summary judgment, the court must accept the allegations as true. Plaintiff has alleged that the district was notified and that the district did nothing to resolve the impact the policy had on minorities. This allegation can be construed as a reaffirmation of the policy by the district. The court concludes, albeit reluctantly, that plaintiff has sufficiently pled a cause of action for disparate impact under section 1983.

### B.   42 U.S.C. § 1983 (Morrow)

Plaintiff has alleged that defendant Morrow violated his civil rights. In order to sufficiently allege a civil rights violation against Morrow, plaintiff must show that "he was treated differently from others who are similarly situated to him, and that the acts forming the basis of the plaintiff's claim were motivated by a discriminatory purpose." Marshall v. Columbia Lea Regional Hosp., 345 F.3d 1157, 1179 (10th Cir. 2003). Plaintiff has asserted that "Morrow has individually and intentionally discriminated against minority students and has treated similarly situated students differently than plaintiff and Class." (Doc. 7 ¶ 45). This allegation is sufficient to state a claim under section 1983.

Defendants' motion to dismiss plaintiff's disparate treatment claims under section 1983 is denied.

### C.   Title VI

Title VI protects the right to be free from discrimination under a program that receives federal funding.  42 U.S.C. § 2000d.  Title VI provides in part that "[n]o person ... shall, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits of, or subjected to discrimination under any program or activity receiving Federal financial assistance."  Id. Section 601 prohibits intentional discrimination based on race, color, or national origin in covered programs and activities.  Alexander v. Sandoval, 532 U.S. 275, 280, 121 S. Ct. 1511, 1516 (2001).  Section 602 authorizes federal agencies to effectuate section 601 by issuing rules, regulations, or orders of general applicability which are consistent with achieving the objectives of the statute.  Id. at 288-89, 121 S.Ct. 1511.

#### 1.   Disparate Impact

Defendants assert that plaintiff's Title VI disparate impact claim is foreclosed by Sandoval.  Plaintiff responds that the Tenth Circuit has not addressed the Sandoval decision.  Sandoval clarified that there is no private right of action to enforce or challenge rules promulgated under section 602.  532 U.S. at 280.  "Neither as originally enacted nor as later amended does Title VI display an intent to create a freestanding private right of action to enforce regulations promulgated under § 602. We therefore hold that no such right of action exists."  Id. at 293.  Therefore, plaintiff can only proceed under section 601.  A plaintiff pursuing an action under section 601 cannot proceed under a theory of disparate impact.  Id. at 285-86.  Defendants' motion to dismiss plaintiff's disparate impact

claim under Title VI is accordingly granted.[2]

### 2.   Intentional Discrimination

The Supreme Court held that Congress intended to provide a private cause of action for individuals to enforce section 601. Sandoval, 532 U.S. at 280. An action under section 601 must allege that there was intentional discrimination on the basis of race or national origin and that the entity engaging in discrimination is receiving federal funds. Bryant v. Independent School Dist. No. I-38 of Garvin County, OK, 334 F.3d 928, 931 (10th Cir. 2003). Since neither party disputes that the district receives federal funds, the court must determine whether plaintiff has sufficiently alleged intentional discrimination. In Bryant, the circuit stated that the courts use the Title VII proof scheme for Title VI claims. 334 F.3d at 930, n. 1.

Plaintiff adequately sets forth a prima facie case of discrimination. Plaintiff alleges that he is in a minority, he was not selected for the team, and less qualified Caucasians were selected.[3] (Doc. 7 ¶ 19).

---

[2] Plaintiff asserts that Sandoval was "critically flawed and an aberration from all statutory history and prior civil rights case law." (Doc. 17 at 4). He also suggests that Sandoval should be called into question by the Court's recent change in composition. Plaintiff's arguments fall on deaf ears and are a waste of this court's time, as well as plaintiff's. Plaintiff also asserts that the dissent in Sandoval recognized a disparate impact claim under Title VI would survive if a plaintiff framed his claim under 42 U.S.C. § 1983. (Doc. 17 at 7). Once again, this court does not base its rulings on dissenting opinions of the Supreme Court or any court of appeals. This court is required to base its decisions on what the law is, not what someone else thinks it should be.

[3] Defendant asserts that plaintiff has not satisfied his prima facie burden since he has not alleged his race. Plaintiff has alleged that he is a member of a minority. Defendant, however, has failed to

Defendants' motion to dismiss plaintiff's intentional discrimination claim under Title VI is denied.[4]

### D.  Punitive Damages

Defendants assert that all claims of punitive damages against the district should be dismissed as a matter of law. Plaintiffs respond that the dismissal of punitive damages under the section 1983 claim is warranted. Once again, however, plaintiff's counsel challenges the validity of a decision of the United States Supreme Court, this time on the basis that it is "an attempt to legislate from the bench through dicta." (Doc. 17 at 12). This is improper argument. A decision of the Supreme Court is binding on this court. The court stated, in pertinent part:

> In sum, it must be concluded that Title VI funding recipients have not, merely by accepting funds, implicitly consented to liability for punitive damages.
> Our conclusion is consistent with the "well settled" rule that where legal rights have been invaded, and a federal statute provides for a general right to sue for such invasion, federal courts may use any available remedy to make good the wrong done. When a federal-funds recipient violates conditions of Spending Clause legislation, the wrong done is the failure to provide what the contractual obligation requires; and that wrong is "made good" when the recipient compensates the Federal Government or a third-party beneficiary (as in this case) for the loss caused by that failure. Punitive damages are not compensatory, and are therefore not embraced within the rule described in Bell.
> Because <u>punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act</u>, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act.

---

point to any authority that this allegation is insufficient to satisfy the requirement that plaintiff is a member of a protected class.

[4] In the event that plaintiff has stated a Title VI claim against Morrow in his individual capacity it is dismissed. Morrow cannot be liable under Title VI since there is no allegation that he personally receives or received federal funding. 42 U.S.C. § 2000d.

Barnes v. Gorman, 536 U.S. 181, 188-190, 122 S.Ct. 2097, 2102-03 (2002)(internal citations omitted)(emphasis supplied).

Defendants' motion to dismiss all punitive damages claims against the district is granted.

## IV.  CONCLUSION

Defendants' motion to dismiss plaintiff's Title VI disparate impact claim and all punitive damages claims against the district is granted.  Defendants' motion to dismiss plaintiff's intentional discrimination claim under Title VI and section 1983 claims is denied.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence.  Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate.  Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992).  Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp.  The response to any motion for reconsideration shall not exceed three pages.  No reply shall be filed.

IT IS SO ORDERED.

Dated this 12th day of October 2005, at Wichita, Kansas.

> s/ Monti Belot
> Monti L. Belot
> UNITED STATES DISTRICT JUDGE